IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**TRACYE ROSE**                                                                                       **PLAINTIFF**

**V.**                                    **CASE NO. 3:16-CV-77-BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                       **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Tracye Rose has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.[1]

**Background**

Ms. Rose alleged that she became limited in her ability to work due to fibromyalgia, osteoarthritis, myalgia, sicca syndrome, high blood pressure, possible lupus, fatigue, depression, and anxiety. (SSA record at 56-57, 66-67) After conducting a hearing, the Administrative Law Judge[2] ("ALJ") concluded that Ms. Rose had not been under a disability within the meaning of the Social Security Act at any time from January 4, 2008, through January 30, 3015, the date of the decision. (*Id*. at 20-21) On January 29, 2016, the Appeals Council denied the request for a review of the ALJ's decision, making

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #3)

[2] The Honorable Eliaser Chaparro.

the decision the final decision of the Commissioner. (*Id*. at 1-5) Ms. Rose then filed her complaint initiating this appeal. (Docket #2)

Ms. Rose was 52 years old at the time of the hearing and lived with her husband and adult son. (SSA record at 35) She was a high school graduate who had taken one semester of college. (*Id*. at 35-36) She had past relevant work as a materials handler and forklift operator. (*Id*. at 49)

**The ALJ's Decision**

The ALJ found that Ms. Rose had not engaged in substantial gainful activity since January 4, 2008, her alleged onset date and that her fibromyalgia was a severe impairment. (*Id*. at 13-14) He further found that Ms. Rose's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (*Id*. at 15-18)

Based on his findings, the ALJ concluded that, during the relevant time period, Ms. Rose retained the residual functional capacity ("RFC") for a full range of light work. She could occasionally lift/carry up to twenty pounds and ten pounds frequently; could stand/walk for up to six hours in an eight-hour workday with normal breaks; and could sit for up to six hours in an eight-hour workday. (*Id*. at 15) After hearing testimony from a vocational expert, the ALJ determined that Ms. Rose had acquired work skills from her past relevant work such as communication, organization, reading, critical thinking, counting and invoicing, and ordering skills that would be transferrable. (*Id*. at 19) He

concluded Ms. Rose could perform work as a distribution clerk and route delivery clerk. (*Id.* at 20)  Thus, the ALJ concluded, Ms. Rose was not disabled. (*Id.* at 20-21)

**Ms. Rose's Allegations**

Ms. Rose challenges the ALJ's decision generally, but focuses on his determination that she could do a full range of light work.  She claims that there is no evidence from a treating or examining doctor to support the ALJ's finding; that the ALJ improperly weighed the medical evidence against her; and that he misunderstood the nature of fibromyalgia.  For these reasons, she says, substantial evidence does not support the decision.

**Standard on Review**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Papesh v. Colvin*, 786 F.3d 1126, 1131(8th Cir. 2015); see also 42 U.S.C. §§ 405(g).  Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

**Residual Functional Capacity**

The ALJ found that Ms. Rose could perform a full range of light work.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  It also involves a good deal of walking or standing.

3

20 C.F.R. §§ 404.1567(b) & 416.967(b).  A reasonable mind would accept the evidence as adequate to show that Ms. Rose could work within these limits.

A claimant's allegations alone are not enough to prove disability; the claimant must prove disability with medical evidence.  See 42 U.S.C. § 423 (d)(5)(A), 20 C.F.R. § 404.1508.  Ms. Rose's hypertension improved when she stopped smoking and, during the relevant time period, was controlled with medication and diet.  (SSA record at 261, 277-78, 310)  An impairment that can be controlled by treatment or medication is not considered disabling.  *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

Ms. Rose complains of disabling pain due to fibromyalgia.  Nerulogical examinations were "grossly normal."  (SSA record at 352, 357)  On examination, Ms. Rose denied spinal tenderness, joint pain, joint swelling, and muscle weakness.  (*Id*. at 274-75, 277, 280)  During her consultative examination with Anita Gail Wells, Ph.D., Ms. Rose had normal gait and no pain indicators.  (*Id*. at 301)  Roger Troxel, M.D., noted that her straight leg raise was negative, gait and coordination were normal, and she displayed no muscle spasm or weakness.  (*Id*. at 312)  Dr. Troxel opined that Ms. Rose had mild to moderate limitations with prolonged standing, walking, lifting and carrying with no significant limitations with sitting.  (*Id*. at 313)

The ALJ gave Dr. Troxel's opinion some weight, noting that he failed to provide specificity with regard to his definition of "mild to moderate limitations."  Even discounting Dr. Troxel's opinion, there is medical evidence in the record to support the

4

ALJ's finding that Ms. Rose could perform a full range of light work. In addition to her treating physician's treatment records, state agency medical experts opined in February 2012 and October 2013 that Ms. Rose could perform work at the light exertional level. (*Id*. at 73-74, 86-87)

Ms. Rose's anxiety and depression were controlled by medication, and she denied any side effects. (*Id*. at 274, 277-82, 313) On one occasion, Ms. Rose presented to St. Bernard's Behavior Health for treatment of general anxiety disorder and depression. There is no indication she ever returned. See *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) (citation omitted) (an impairment that can be controlled by treatment or medication cannot be considered disabling).

Anita Gail Wells, Ph.D., performed a mental consultative examination of Ms. Rose. Ms. Rose admitted to Dr. Wells that her depression and anxiety improved with medication. (298-99) Further, Ms. Rose stated she was able to take care of her own personal needs, shop, drive, do laundry, sweep, and cook. (*Id*. at 301-02, 305) Additionally, she read, sewed, crocheted, spent time with family members, and attended church. (*Id*. at 305) Dr. Wells diagnosed dysthymic disorder and stated that Ms. Rose had no mental limitations that would preclude her from basic work activities. (*Id*. at 304-306)

Ms. Rose claims "basic" work equates to unskilled work. (#13 at pp. 11-12) This is contradicted by Dr. Wells's findings that Ms. Rose had the capacity to complete work-

like tasks within an acceptable time-frame; showed no evidence of an inability to cope with the typical mental/cognitive demands of work-like tasks; had an easy-going mood, logical thought process, normal thought content, appropriate speech, and essentially normal cognitive ability; and had experienced no episodes of decompensation.  (*Id*. at 300, 302, 305-306)  Similarly, state agency psychiatric consultants concluded that Ms. Rose's alleged mental impairments were not severe.  (*Id*. at 71-72, 83-84)

Ms. Rose's activities also support the ALJ's RFC assessment.  Ms. Rose was able to perform seasonal work as a stocker at a department store.  (*Id*. at 37)  She also applied for full-time jobs after her onset date, but was not hired.  (*Id*. at 39-40)  She sewed and regularly attended church.  (*Id*. at 305) *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (ALJ may consider medical evidence, activity level, and work record when assessing claimant's complaints of disabling pain).

Ms. Rose complains that the ALJ revealed a "significant misunderstanding of the nature of fibromyalgia" when he noted in his opinion that she had been treated conservatively and had not undergone surgical intervention for disabling pain.  (#13 at 13)  As set forth above, however, despite the diagnosis of fibromyalgia, the record does not support the disabling limitations urged by Ms. Rose.

A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations.  A reasonable mind would accept the evidence as adequate to support the ALJ's RFC assessment of a full range of light work.

**Conclusion**

Substantial evidence supports the ALJ's decision denying Ms. Rose's applications. The ALJ made no legal error. For these reasons, Mr. Rose's request for relief (#2) is DENIED, and the decision denying the applications for benefits is AFFIRMED.

DATED this 31st day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE